UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KRISANNE L. HENSLEY,<br><br>             Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security<br>Administration,<br><br>             Defendant. | NO: 12-CV-0180-TOR<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY<br>JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment (ECF Nos. 20 and 23). Plaintiff is represented by Maureen J. Rosette. Defendant is represented by Brett E. Eckelberg. This matter was submitted for consideration without oral argument. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court grants Defendant's motion and denies Plaintiff's motion.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g);
1383(c)(3).

STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social
Security is governed by 42 U.S.C. § 405(g).  The scope of review under §405(g) is
limited: the Commissioner's decision will be disturbed "only if it is not supported
by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153,
1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means
relevant evidence that "a reasonable mind might accept as adequate to support a
conclusion."  *Id.* at 1159 (quotation and citation omitted).  Stated differently,
substantial evidence equates to "more than a mere scintilla[,] but less than a
preponderance."  *Id.* (quotation and citation omitted).  In determining whether this
standard has been satisfied, a reviewing court must consider the entire record as a
whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its
judgment for that of the Commissioner.  If the evidence in the record "is
susceptible to more than one rational interpretation, [the court] must uphold the
ALJ's findings if they are supported by inferences reasonably drawn from the
record."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i);

416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c); 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

1    defined generally as the claimant's ability to perform physical and mental work

2    activities on a sustained basis despite his or her limitations (20 C.F.R. §§

3    404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the

4    analysis.

5         At step four, the Commissioner considers whether, in view of the claimant's

6    RFC, the claimant is capable of performing work that he or she has performed in

7    the past ("past relevant work").  20 C.F.R. §§ 404.1520(a)(4)(iv);

8    416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the

9    Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

10   404.1520(f); 416.920(f).  If the claimant is incapable of performing such work, the

11   analysis proceeds to step five.

12        At step five, the Commissioner considers whether, in view of the claimant's

13   RFC, the claimant is capable of performing other work in the national economy.

14   20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).  In making this determination,

15   the Commissioner must also consider vocational factors such as the claimant's age,

16   education and work experience.  *Id.*  If the claimant is capable of adjusting to other

17   work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

18   404.1520(g)(1); 416.920(g)(1).  If the claimant is not capable of adjusting to other

19   work, the analysis concludes with a finding that the claimant is disabled and is

20   therefore entitled to benefits.  *Id.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff filed applications for disability insurance benefits and supplemental security income disability benefits on December 15, 2008. Tr. 131-36. These applications were denied initially and upon reconsideration and a hearing was requested. Tr. 84-85, 86-87, 96-97. A hearing was held before an Administrative Law Judge on April 14, 2010. Tr. 42-83. The ALJ rendered a decision denying Plaintiff benefits on August 20, 2010. Tr. 18-35.

The ALJ found that Plaintiff met the insured status requirements of Title II of the Social Security Act through December 31, 2009. Tr. 23. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2006, the alleged onset date. Tr. 23. At step two, the ALJ found that Plaintiff had severe impairments, but, at step three, the ALJ found that Plaintiff's impairments did not meet or medically equal a listed impairment. Tr. 23–25. The

///

ALJ determined Plaintiff had the residual functional capacity to:

> perform less than a full range of light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b). She can lift 10 pounds frequently and 20 pounds occasionally. She can walk and stand for about 6 hours in an 8 hour day. She can occasionally balance, stoop, kneel, crouch, and crawl. She can occasionally climb ramps and stairs but cannot climb ladders, ropes, or scaffolds. She is limited in reaching in all directions. She can handle frequently, but not constantly. She has no limitations in fingering. She should avoid concentrated exposure to extreme heat or cold; wetness; humidity; hazards; and fumes, dusts, gases, and odors. She can perform simple tasks and more detailed tasks if well learned. She can have no more than superficial exposure with the public and no more than occasional contact with co-workers.

Tr. 25-26.  At step four, the ALJ found that Plaintiff was unable to perform her past relevant work.  Tr. 29.  At step five, the ALJ considered the Plaintiff's age, education, work experience, and residual functional capacity, and concluded that there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform. Tr. 30-31.  Thus, the ALJ concluded that Plaintiff was not disabled and denied her claims on that basis.  *Id.*

The Appeals Council denied Plaintiff's request for review on March 5, 2012, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  Tr. 1-7; 20 C.F.R. §§ 404.981, 416.1484, and 422.210.

ISSUES

Plaintiff raises two issues for review; whether the ALJ properly considered and rejected the opinion of W. Scott Mabee, Ph.D. and whether the ALJ properly

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

considered and rejected Plaintiff's testimony regarding her impairments.  ECF No. 21 at 12-15, 15-17.

DISCUSSION

**A. Examining Psychologist's Opinion**

Plaintiff contends that she was more limited from a psychological standpoint than what was determined by the ALJ.  ECF No. 21 at 13.  Specifically, she contends that the ALJ improperly afforded less weight to the two opinions of examining source W. Scott Mabee, Ph.D.  *Id.* at 13–15.

A treating physician's opinions are entitled to substantial weight in social security proceedings.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).  If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings."  *Bray*, 554 F.3d at 1228 (quotation and citation omitted).  "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d at 1216 (*citing Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995)).

Dr. Mabee supervised the administration of two examinations of Plaintiff, one in November 2008 and the other in May 2009.  Tr. 333-42, 456-61, 520-523. While the underlying examiners concluded that Plaintiff presented marked and moderate limitations in certain aspects, the ALJ rejected these conclusions:

> I give less weight to the November 2008 medical opinion of DSHS evaluator, W. Scott Mabee, Ph.D, who concluded that the claimant had marked limitations in judgment/decision making and marked limitations in nearly all aspects of social functioning. The opinion is inconsistent with the objective findings from the evaluation, findings recorded by examiner, Steven Erickson, M.Ed., and co-signed by Dr. Mabee. For example, the claimant was cooperative, articulate, and responsive to questions. She had largely normal orientation, speech, and concentration and she exhibited effective, appropriate interpersonal skills. Moreover, the opinion is not consistent with the claimant's reported activities that include shopping, using public transportation, and living in a residence with other people.
>
> I give less weight to Dr. Mabee's May 2009 medical opinion that the claimant had moderate limitations in cognitive and social factors. The opinion is not consistent with the objective findings from the evaluation, findings recorded by examiner, Amy Robinson, M.S., and co-signed by Dr. Mabee. For instance, part A of the Trail Making test was normal; the claimant had normal attention, concentration, and orientation; and she scored a near perfect 29 out of 30 on the test of cognitive mental status, accurately performing serial sevens and recalling two of three words after a delay. The Beck Depression Inventory and the Hamilton Anxiety Rating Scale reflected only mild depression and anxiety. Moreover, the opinion is no consistent with the claimant's daily activities, as discussed above.

Tr. 29 (internal citations omitted).  The ALJ gave significant weight to the opinions of state agency psychological consultants James Baily, Ph.D., and Mary Gentile, Ph.D.  Tr. 28.  The consultants conducted a comprehensive review of the medical

record and their opinions were consistent with objective medical evidence.  *Id*.  For instance, in the November 2008 psychological evaluation, the claimant was cooperative, articulate, and responsive to questions. Tr. 28; 330-40.  She had largely normal orientation, speech, and concentration and she exhibited effective, appropriate interpersonal skills.  *Id*.  She achieved a normal score 30 out of 30 on the mini-mental status examination and the Trail Making test indicated no impairment.  Tr. 29; 339.

Plaintiff's May 2009 examination produced similar findings.  Tr. 27; 459-60. Plaintiff scored 29 out of 30 on her mental status examination.  Tr. 459.  Plaintiff's attention and concentration were normal, and she was fully oriented.  Tr. 459.  The consultants' opinions were also consistent with the claimant's reported daily activities.  Tr. 29.

Plaintiff's interpretation of the evidence is insufficient to require this Court to reverse the ALJ's decision when that decision is supported by substantial evidence and the ALJ gives specific and legitimate reasons for discounting Plaintiff's examining psychologist, as was done in this case.  *See also Tonapetya v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (explaining that "a contrary opinion of a non-examining medical expert . . . may constitute substantial evidence when it is consistent with other independent evidence in the record.").

///

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

**B. Plaintiff's Credibility**

Plaintiff contends that she was more limited from a physical standpoint than what was determined by the ALJ.  ECF No. 21 at 15-17.  Specifically, Plaintiff contends the ALJ did not properly consider nor reject her testimony regarding her impairments.  *Id.*

In social security proceedings, a claimant must prove the existence of physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings."  20 C.F.R. § 404.1508.  A claimant's statements about his or her symptoms alone will not suffice.  20 C.F.R. §§ 404.1508; 404.1527.  Once an impairment has been proven to exist, the claimant need not offer further medical evidence to substantiate the alleged severity of his or her symptoms.  *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc).  As long as the impairment "could reasonably be expected to produce [the] symptoms," 20 C.F.R. § 404.1529(b), the claimant may offer a subjective evaluation as to the severity of the impairment.  *Id.*  This rule recognizes that the severity of a claimant's symptoms "cannot be objectively verified or measured."  *Id.* at 347 (quotation and citation omitted).

In the event that an ALJ finds the claimant's subjective assessment unreliable, however, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not

arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).  In making such a determination, the ALJ may consider, *inter alia*: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Id.*  The ALJ may also consider a claimant's "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).  If there is no evidence of malingering, the ALJ's reasons for discrediting the claimant's testimony must be "specific, clear and convincing." *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (quotation and citation omitted).  The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

Here the ALJ provided specific, clear and convincing reasons for discrediting Plaintiff's claim of total disability:

> The claimant's daily activities are consistent with the residual functional capacity assessment above. For example, she was very active in her pursuit of money to obtain drugs, spending much of the day searching out and transporting wood pallets that she sold in order to buy heroin. She also indicated that she attends to personal care, goes grocery shopping, attends appointments, does laundry and light

housecleaning, prepares food, watches TV and reads, goes swimming at the YMCA, visits with friends, and uses public transportation. She does not drive a car because she does not have a license. Moreover, she rents a room in house with other people.

Additionally, inconsistent statements and a significant legal history create serious credibility concerns for the claimant. For instance, the claimant alleged that she cannot work because of various mental and physical impairments. However, she also stated that she was fired after a urinalysis was positive for illicit drug use. She did not look for more work because she was "discouraged" after her prior employer refused to provide chemical dependency treatment. Being "discouraged" has little relevance regarding a determination of disability, especially when such discouragement stems from the claimant's misplaced sense of entitlement to chemical dependency treatment.

The record reflects a reputation for lying because the claimant has been convicted of various drug offenses and other crimes. By her own account, she was incarcerated six times for theft. She has been charged with forgery. Moreover, the claimant stated that she did not use methamphetamine. However, she was incarcerated for possession of methamphetamine and the record contains a drug screen that is positive for the substance.

Tr. 28 (internal citations omitted).

The Court has reviewed the full record and substantial evidence supports the ALJ's conclusions.

**IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, ECF No. 23, is

   **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, ECF No. 20, is **DENIED**.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

3.  The hearing on dispositive motions set for April 28, 2014, is

**VACATED**.

The District Court Executive is hereby directed to file this Order, enter

Judgment for Defendant, provide copies to counsel, and **CLOSE** the file.

**DATED** August 8, 2013.



THOMAS O. RICE
United States District Judge